WILLIAM KELLY, PROSECUTOR, v. GEORGE D. CORNISH (AMENDED FROM WILLIAM S. TOPPING), CONSTITUTING THE POLICE PENSION BOARD OF SUMMIT, DEFENDANTS.

Decided March 9, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Alfred A. Stein.*

For the defendants, *Clement K. Corbin.*

PER CURIAM.

The prosecutor applied to the police pension board of the city of Summit for a pension under the Police Pension act, which became effective in that city on January 1st, 1920. The board after a hearing made the following finding: "We find that the petitioner, William Kelly, did, in fact, abandon his position as an officer of the police department of the city of Summit, in that from June 29th, 1917, until 'some time in 1920' and to February 6th, 1921, the date of his petition, he absented himself continuously from any police duty without permission, without leave of absence and without just cause."

By article 16, section 3, of an act concerning municipalities, chapter 152 of the laws of 1917, it is provided, *inter alia,* "that any member of any such police force who shall be absent from duty without just cause for the term of five days

continuously, shall, at the expiration of such five days, cease to be a member of such police force."

If there was any testimony before the board which tends to sustain the finding, then, according to the settled legal rule, the finding will not be disturbed.

The record before us discloses that the last day of active duty of the prosecutor was April 23d, 1917. The case is replete with incidents of the prosecutor's absenting himself from doing police duty without permission or without leave of absence and without just cause. There was also testimony in the case from which the board was warranted in finding that the prosecutor had abandoned his position as officer of the police force of the city of Summit, by the potent circumstance appearing, that he applied in 1920 to the mayor for reinstatement, which time was immediately after the Police Pension law had been adopted in that city. It is true that the prosecutor denies that he applied for reinstatement, but as it was a controverted question of fact, its determination was for the board, and its finding will not be disturbed.

The prosecutor's petition was filed on February 6th, 1921. The board after considering the petitioner's application, but without giving him a hearing, denied it. Upon review by the Supreme Court the action of the board was set aside on the ground that the matter had been determined against the prosecutor or without giving him a hearing. No further steps seem to have been taken in the matter until 1925, when on June 17th, after a full hearing of the case against the prosecutor, the pension board found that the prosecutor was not entitled to a pension upon the facts developed by the testimony, as above indicated. Ten months later a writ of *certiorari* was sued out of this court to review the action of the pension board.

Since the testimony tends to support the findings of the board, the writ is dismissed, with costs.